UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GOVERNMENT OF USA (REFENDARY QUI TAM MARCAL HONDA), Delegate of the State Police of Sao Paulo,

                    Plaintiff,

-against-

DANIEL SILVA PASSOS, Lawyer of AGU (Attorney General Office of the Union); ALEXANDRE DE MORAES; ANTONIO CARLOS CEDENHO; LUIS FERNANDO VALIM WEFFORT,

                    Defendants.

20-CV-3977 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

      Plaintiff, appearing *pro se*, brings this *qui tam* action under the False Claims Act, 31 U.S.C. § 3729, *et seq*. By order dated May 28, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). For the reasons set forth below, the Court dismisses the complaint.

## STANDARD OF REVIEW

      The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise

the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Plaintiff Marcal Honda, a resident of Dothan, Alabama, brings this action "acting as QUI TAM and in favor of the Government of the United States of America." (ECF No. 2, at 5.) The complaint is not a model of clarity. Plaintiff asserts his claims using the Court's general complaint form. He states that his claims arose in Sao Paulo, Brazil, and in the section of the form asking which of his federal constitutional or statutory rights have been violated, he writes,

> Freedom of information right, probity of Government agents, protection against obstruction of Justice, against persecution and reduction of wages, impediment to occupy the position of Federal Police Delegate, protection of life against fraud in medical examinations and falsification of reports, protection of the family against attacks and harassment of children, brothers and witnesses and against procedural fraud and conflict of interest.

(*Id.* at 2.)

In the body of the complaint, Plaintiff states that he brings this *qui tam* action in accordance with False Claims Act "regarding t[he] US $34,290,402.00 . . . payed to Ministery [sic] of the Justice of the Brazil, aggravated by obstruction of justice practiced before, during and after the Case 19 CV 10661 of the Southern District Court of New York, under the terms of chapter 18 US Code section 1513."[1] (*Id.* at 6.) He further states "[v]iolations against my

---

[1] In *Honda v. Vieira*, ECF 1:19-CV-10661, 1 (S.D.N.Y. Nov. 18, 2019), Plaintiff sued the Brazilian Ambassador to the United Nations, asserting claims related to Brazil's alleged misuse of funds and alleged retaliation against Plaintiff and his family after he reported the misuse to the United Nations and others. By order dated February 3, 2020, Chief Judge McMahon dismissed the action, holding that the defendant was immune from suit under the Foreign Sovereign Immunity Act ("FSIA"). *See Honda*, ECF 1:19-CV-10661, 6 (S.D.N.Y. Feb. 3, 2020).

The statute Plaintiff cites, 18 U.S.C. § 1513, prescribes criminal penalties for retaliating against a witness, victim, or informant.

fundamental civil rights (human rights) are intensified reaching my son, my brother and close friends as well as uncountable [v]iolation of justice." (*Id.*)

The complaint also appears to invoke "[f]acts summarized in the Unification of complaints presented to the IACHR/OAS, based on the complaint about the diversion of funds from the international agreement (PRECAUTIONARY MEASURE – IACHR/OEA – 0000050606 + PETITION – IACHR/OEA  -0000048797)" and as stated in *Honda v. Vieira*, ECF 1:19-CV-10661, 1. (*Id* at 5) (capitalization in original).

In the section of the complaint form in which he is asked to describe his injuries, Plaintiff writes "Medical fraud and falsification of reports reported in Casework 872, 171 at Bellevue Hospital in New York." (*Id.* at 6.) In the section of the complaint form in which to state the relief he is seeking, Plaintiff writes, "[i]llegal subtraction of part of wages and financial rights, through illegal processes and abuse of authority, in addition many obstructions against my right to occupy the position of Federal Delegate." (*Id.*)

Plaintiff sues Daniel Silva Passos, whom he describes as a lawyer for the "Attorney General Office of the Union"; former Brazilian Minister of Justice Alexandre de Moraes; Judge of the Regional Federal Court Antonio Carlos Cedenho; and Luis Fernando Valim Weffort, Police Delegate of the Sao Paulo Police Internal Affairs Division.

## DISCUSSION

**A. The False Claims Act (FCA)**

Plaintiff's *qui tam* claims under the False Claims Act ("FCA"), 31 U.S.C. §§ 3729–3733, must be dismissed. The FCA permits private persons to bring suit where there has been fraud on the federal government.[2] The *qui tam* provisions of the FCA allow a private plaintiff to sue

---

[2] The FCA imposes civil liability upon "any person" who, among other acts, "knowingly presents, or causes to be presented, to an officer or employee of the United States

3

persons who knowingly defraud the federal government. *See United States ex rel. Eisenstein v. City of New York*, 556 U.S. 928, 932 (2009). *Pro se* litigants, however, lack statutory standing to bring *qui tam* claims under the FCA. *See United States ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 93 (2d Cir. 2008); *Klein v. City of New York*, ECF 1:10-CV-9568, 63, 2012 WL 546786, at *5 (S.D.N.Y. Feb. 21, 2012).

Because Plaintiff, as a *pro se* litigant, lacks standing to assert his *qui tam* claims under the FCA, the Court dismisses those claims for lack of statutory standing under the FCA.

**B. Claims brought on Plaintiff's own behalf**

To the extent that Plaintiff asserts claims on his own behalf, the Court must dismiss those claims. Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Iqbal*, 556 U.S. at 678-79 (citing *Twombly*, 550 U.S. at 555). But the Court need not accept "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id*. at 678 (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

Here, Plaintiff has failed to allege any facts suggesting that any of the defendants did anything to violate his rights under federal law. In fact, Plaintiff fails to allege a single fact

---

Government . . . a false or fraudulent claim for payment or approval." 31 U.S.C. § 3729(a). A suit under the FCA may be brought by either the federal government or by a private person, or "relator," who sues for the United States in a *qui tam* action. 31 U.S.C. § 3730(a), (b)(1).

4

regarding any of the defendants. And while Plaintiff asserts "medical fraud," "obstruction of justice," and "harassment," he fails to allege any facts in support of those legal conclusions. In any event, Plaintiff does not indicate, and nor can the Court identify, any federal right of his which has been violated. The Court therefore dismisses any claims Plaintiff may be asserting on his own behalf. 28 U.S.C. § 1915(e)(2)(B)(ii).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

Plaintiff has consented to electronic service of Court documents. (ECF No. 3.)

The Court dismisses Plaintiff's *qui tam* claims for lack of statutory standing.

The Court further dismisses any claims Plaintiff may be asserting on his own behalf for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court denies Plaintiff's application for the Court to request *pro bono* counsel (ECF No. 4) as moot.

SO ORDERED.

Dated:  June 15, 2020
        New York, New York

                                            _____
                                                  Louis L. Stanton
                                                      U.S.D.J.